**Harold MARTIN, Appellant,**

v.

**DEPARTMENT OF JUSTICE, et al., Appellees.**

No. 00–5389.

United States Court of Appeals, District of Columbia Circuit.

April 23, 2002.

Before EDWARDS, ROGERS, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* FED. R.APP. P. 36; D.C. CIR. RULE 36(b). It is

ORDERED and ADJUDGED that the district court's orders filed November 2, 1998, September 30, 1999, December 15, 1999, and August 30, 2000 be affirmed in part and reversed in part and that the case be remanded for further proceedings consistent with this judgment. In a last-minute submission, the government acknowledged that the FBI failed to provide specific justifications for withholding documents that were referred to the FDIC and the Executive Office for United States Attorneys. Thus, we remand for such explanation to be provided. With respect to the Alme documents, the district court found that they were properly withheld under FOIA Exemption 7(C). But the FBI never actually invoked this exemption; rather, it refused to process the request because Martin never submitted proof of Alme's death or a privacy waiver. Hodes Decl. ¶ 5(e). Consequently, we remand for the FBI to determine whether the documents contain information exempt from disclosure under 7(C), and if so, whether any reasonably segregable non-exempt portions exist. In making these determinations, the FBI must account for the fact that Alme testified publicly at Martin's trial. With respect to Generelli documents, we agree with the district court that by failing to submit an initial FOIA request for Brady material pertaining to Generelli, appellant has failed to exhaust his administrative remedies. *See Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1477 n. 8 (D.C.Cir.1986) (requiring requester to exhaust administrative remedies). Finally, the district court did not abuse its discretion in denying Martin's requested discovery. *See Accuracy in Media, Inc. v. Nat'l Park Serv.*, 194 F.3d 120, 124–25 (D.C.Cir.1999) (finding no abuse of discretion in district court's decision to limit discovery in FOIA case).

In light of the above disposition, we also reverse the denial of attorney's fees in order to allow the district court to reconsider the matter when appropriate.

18

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.